## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| Colette Deeann O'Kelley, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Carolyn W. Colvin, )<br>Acting Commissioner of the )<br>Social Security Administration, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 6:12-cv-02553-JMC<br><br>**ORDER AND OPINION** |

This matter is before the court for review of the magistrate judge's Report and Recommendation ("Report") (ECF No. 27), filed October 25, 2013, regarding Plaintiff Colette Deeann O'Kelley's ("Plaintiff") claim for Disability Insurance Benefits ("DIB"). On September 5, 2012, Plaintiff filed the instant action seeking judicial review of the final decision of the Acting Commissioner of the Social Security Administration ("the Acting Commissioner") pursuant to 42 U.S.C. § 405(g). (ECF No. 1). The magistrate judge concluded that the administrative law judge's ("ALJ") decision was based on substantial evidence and free of legal error. (ECF No. 27 at 13). Accordingly, the magistrate judge recommends that the court affirm the Acting Commissioner's final decision. *Id.*

For the reasons set forth below, the court **ACCEPTS** the magistrate judge's Report. The Acting Commissioner's final decision is **AFFIRMED.**

### FACTUAL AND PROCEDURAL BACKGROUND

The court concludes, upon its own careful review of the record, that the factual summation in the magistrate judge's Report is accurate, and the court adopts this summary as its own. However, a brief recitation of the background in this case is warranted.

1

Plaintiff filed an application for DIB on November 19, 2008, regarding a disability which she initially alleged began on October 31, 2007. (Tr. 148–158). Plaintiff later amended her alleged onset date to February 1, 2009. (*See* Tr. 12, 95). The Acting Commissioner initially denied Plaintiff's application and denied it again upon reconsideration. (Tr. 128, 139). On September 9, 2010, Plaintiff had a hearing before an ALJ. (*See* Tr. 71–118). On January 3, 2011, the ALJ found that Plaintiff was not disabled. (Tr. 9–41). The ALJ determined that Plaintiff had the following severe impairments: chronic obstructive pulmonary disease (COPD), diabetes mellitus, major depressive disorder, and obesity. (Tr. 14).

The ALJ concluded that Plaintiff had a residual functional capacity ("RFC") to perform sedentary work with the following specifications:

> [Plaintiff] could lift/carry no more than a maximum of 10 pounds at one time and occasionally lift/carry objects weighing less than 10 pounds as exemplified by articles such as docket files, ledgers, and small tools. [Plaintiff] could sit up to six hours of an eight-hour workday, and stand/walk up to two hours out of an eight-hour workday. [Plaintiff] could push/pull with the upper and lower extremities bilaterally in a manner consistent with the exertional demands of sedentary work. [Plaintiff] could occasionally climb ladders, ropes, and scaffolds, and [Plaintiff] could frequently climb ramps and stairs, as well as frequently balance, stoop, kneel, crouch, and crawl. [Plaintiff] should avoid concentrated exposure to workplace hazards, in addition to avoiding concentrated exposure to irritants, such as fumes, odors, dust, gases, tobacco smoke, and areas with poor ventilation. [Plaintiff] could maintain appropriate concentration, persistence, and pace for two-hour periods while performing jobs in a stable environment that required no more than simple, routine, repetitive, tasks and no more than occasional public contact. [Plaintiff] could interact appropriately with coworkers and supervisors.

(Tr. 22).

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) of the Social Security Act to obtain judicial review of the final decision of the Acting Commissioner, denying her claim for DIB. (ECF No. 1). The magistrate judge reviewed Plaintiff's case and provided

2

the Report to the court. (ECF No. 27). In the Report, the magistrate judge found that the record supported the ALJ's determination of Plaintiff's credibility as well as the ALJ's finding that Plaintiff could perform sedentary work. *Id.* at 8–13. Plaintiff filed an objection to the findings of the Report, (ECF No. 29), to which the Acting Commissioner replied, (ECF No. 30).

## STANDARD OF REVIEW

The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically

3

accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

Plaintiff contends the ALJ did not properly consider the record in reaching Plaintiff's RFC determination because, according to Plaintiff, the medical evidence and Plaintiff's testimony indicate that she is disabled. (ECF No. 20 at 5). Plaintiff further argues that the ALJ made inadequate credibility findings with respect to Plaintiff's testimony about the symptoms of her impairments. *Id.* at 6. The magistrate judge disagreed finding that the ALJ sufficiently detailed his reasons for finding Plaintiff not entirely credible. (ECF No. 27 at 11 (citing Tr. 21–33)). The Report also concluded that substantial evidence supported the ALJ's RFC determination. *Id.* at 13.

Plaintiff objects that the ALJ improperly failed to articulate the weight that he gave to Plaintiff's testimony about her daily activities in reaching Plaintiff's RFC determination. (ECF No. 29 at 2–3). The Acting Commissioner characterizes Plaintiff's objection as a complaint that the ALJ used Plaintiff's daily activities to find Plaintiff not credible. (ECF No. 30 at 1). The Acting Commissioner contends that although the ALJ used Plaintiff's daily activities to inform his credibility determination as well as his assessment of Plaintiff's functional capabilities, Plaintiff's daily activities were not the sole factors which the ALJ considered. *Id.* at 2. The Acting Commissioner thus argues that the ALJ properly considered Plaintiff's daily activities. *Id.*

4

The ALJ may consider a plaintiff's daily activities to support an RFC determination. *Brim v. Chater*, 74 F.3d 1230, 1996 WL 10288, at *3 (4th Cir. Jan. 9, 1996) (citing *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986)). The court is unaware of any authority for Plaintiff's contention that the ALJ must articulate a specific standard for weighing her daily activities. The ALJ noted in his decision that Plaintiff's ability to perform daily activities was not dispositive but was instead "some evidence of the appropriateness of the [RFC]." (Tr. 30). The court finds no error in the ALJ's consideration of Plaintiff's daily activities. Therefore, the court finds no basis upon which to disturb the magistrate judge's conclusion that substantial evidence supports the ALJ's RFC determination.

## CONCLUSION

For the foregoing reasons, the court **ACCEPTS** the magistrate judge's Report and Recommendation (ECF No. 27). The court thereby **AFFIRMS** the Acting Commissioner's final decision.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Court Judge

February 5, 2014
Greenville, South Carolina